**UNITED STATES of America,
Appellee,**

v.

Jung **CHAO, also known as Tony, Chung My Huong Nguyen, also known as Lan, Thuong Tri Tang, Spartak Noku, Mohammad Ali Hussain, also known as Eli, Somnath Mukherjee, also known as Uncle Eli, also known as Satishkum Patel, Jason Chang, also known as Jay, Jae Kang, Danh Thanh Vu, also known as Inkman, also known as Mr. Dan, Ming Nguyen, also known as Minh, Phong Doc Nguyen, Yuthien Trans, also known as Dung, also known as Teethian Trans, Lilly Quang Nguyen, also known as Nurse Lilly, Thanh Kim, Taide Tan, also known as Kyaw T. Paine, Vu P. Lee, Xia Wu Hu, Jian Ping Guan, also known as Shao Ping, also known as Mark, also known as Guan Jian Ping, Zhang Ou, Jia Long Wang, also known as Little Dragon, Defendants.**

**Eric Han, also known as Ah Er,
Defendant–Appellant.**

**No. 08–3586–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 18, 2010.

Marlon G. Kirton, Law Offices of Marlon
G. Kirton, New York, NY, for defendant-
appellant.

Jeffrey A. Brown, Michael A. Levy, for
Preet Bharara, United States Attorney for
the Southern District of New York, New
York, NY, for appellee.

PRESENT: GUIDO CALABRESI,
ROBERT A. KATZMANN, Circuit
Judges.[1]

### SUMMARY ORDER

Defendant–Appellant Eric Han appeals
the judgment of the United States District
Court for the Southern District of New
York, sentencing him to 24 months' impris-
onment and the applicable mandatory min-
imum of six years of supervised release.
We assume the parties' familiarity with the
facts of the case, its procedural history,
and the scope of the issues on appeal.

Han argues that the district court treat-
ed the Sentencing Guidelines as binding or
at least presumptively reasonable and did
not adequately consider the sentencing
factors in 18 U.S.C. § 3553(a), and hence
that the 24–month sentence was procedur-
ally unreasonable. We review the sen-
tence for reasonableness, *United States v.
Booker*, 543 U.S. 220, 261–62, 125 S.Ct.
738, 160 L.Ed.2d 621 (2005); *United States
v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.
2006), "under a deferential abuse-of-discre-
tion standard," *United States v. Cavera*,
550 F.3d 180, 189 (2d Cir.2008) (en banc)
(internal quotation marks omitted). Be-
cause Defendant challenges only the pro-
cedural reasonableness of the sentence, we
do not review here the actual length of the
sentence.

It is clear from the record that the court
was "aware of both the statutory require-
ments and the sentencing range or ranges
that are arguably applicable." *United
States v. Fleming*, 397 F.3d 95, 100 (2d
Cir.2005). There is a strong presumption
that judges have considered factors under
section 3553(a) and related arguments ab-
sent "record evidence suggesting other-

1. Because Judge Debra Ann Livingston, origi-
nally assigned to this panel, recused herself
from this case, the remaining two judges issue
this order in accordance with Second Circuit
Internal Operating Procedure E (2n Cir. IOP
E).

wise." *Fernandez*, 443 F.3d at 30. Han's claim that the district court failed to consider his need for drug treatment and his desire to pursue education is not supported by any such evidence. Indeed, there is evidence to the contrary; the district court recommended drug treatment during Han's imprisonment. "[W]e do not require 'robotic incantations' that the district court has considered each of the § 3553(a) factors," *Cavera*, 550 F.3d at 193, especially in a garden-variety case such as this one "where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge," *id.* (internal quotation marks omitted).

Although the court gave deference to the Sentencing Guidelines, it did not treat those Guidelines as binding or even presumptively reasonable, but simply treated them as a "starting point and the initial benchmark," giving due consideration to the fact that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). It is apparent from the court's consideration of the § 3553(a) factors that it was willing and able to consider deviating from the Guidelines, but because nothing was especially unusual about this case, the court gave deference to the careful study that went into the Guidelines and ended where it began, with the "starting point" that is the Guidelines. *Id.* at 49, 128 S.Ct. 586. In any event, the district court specifically stated, "I appreciate that the guidelines are only advisory."

We have reviewed all of Defendant–Appellant's remaining arguments and have found each of them to be without merit.

Accordingly, the judgment of the district court is AFFIRMED.